# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL A. FISHER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-08-464-M |
| JAMES R. NICHOLSON, Secretary of U.S. Department of Veterans Affairs, | ) |
| Defendant. | ) |

## ORDER

I. Background

Prior to applying for employment with the Oklahoma City, Oklahoma Department of Veterans Affairs Medical Center ("VA Medical Center"), plaintiff worked for approximately fourteen years as a Diagnostic Radiologic Technologist and attended two different radiology schools in Oklahoma. However, the radiology school plaintiff had attended lost its accreditation prior to his graduation. The State of Oklahoma did not allow a special eligibility to take the certification/licensure examination for persons who had not graduated from an accredited radiology program. Consequently, plaintiff was not able to take the Diagnostic Radiologic Technologist licensing test or otherwise become certified via the license testing method.

In August 2003, plaintiff applied for one of two vacant day-shift Diagnostic Radiologic Technologist positions with the VA Medical Center. Because plaintiff was not certified by the American Registry of Radiologic Technologists ("ARRT"), and the VA Medical Center wanted to hire him, Dr. Robert McCaffree, M.D., Chief of Staff of the VA Medical Center, signed a "waiver" of the requirement set forth in defendant's Handbook that plaintiff be certified by the ARRT. As

a result, on or about September 7, 2003, defendant appointed plaintiff to employment as a Diagnostic Radiologic Technologist.

In early 2006, during a nation-wide review of credentials, defendant discovered that plaintiff did not meet the qualifications standards required of every Diagnostic Radiologic Technologist within defendant's medical system, i.e., education and certification. As a result, on May 22, 2006, defendant served plaintiff with a Condition of Continued Federal Employment Memorandum. The memorandum informed plaintiff that the waiver that was signed at the time of his appointment was invalid based upon lack of proper approval and required plaintiff to enroll and graduate from an accredited radiology training program and receive ARRT certification in radiography or have his federal employment terminated. Plaintiff informed defendant that he did not want to face going back to school, had never been made aware of any waiver at the time of his appointment, and felt this action was retaliation as a result of his engaging in EEO activity.

On September 7, 2006, the VA Medical Center's Chief of Human Resources, Nicole Craven, through Dr. McCaffree, submitted a "Request for Exception – Diagnostic Radiologic Technician" to Madhulika Agarwal, M.D., Chief Patient Care Services Officer for defendant. On December 14, 2006, Dana Sullivan, Assistant Director, National Radiology Program, sent Ms. Craven a response memorandum denying the request for exception. On December 22, 2006, Dr. McCaffree, via written correspondence, informed plaintiff the request for waiver of educational requirements and certification job requirements had been denied and that because he was found to be unqualified to perform DRT responsibilities, he was being placed in a paid non-duty status (administrative leave) effective immediately and would remain in that status until further personnel action is taken.

On December 27, 2006, Bob G. Eaton, M.D., FACR, Professor Emeritus, Chief, Radiology Services, via written correspondence, informed plaintiff that Dr. Eaton was proposing his removal from the Diagnostic Radiologic Technologist position and federal service because the requests for waiver were denied. On February 7, 2007, David P. Wood, MHA, FACHE, Medical Center Director, via written correspondence, informed plaintiff that he had decided to remove plaintiff from the Diagnostic Radiologic Technologist position and federal service for the reasons set forth in the proposal letter. On February 16, 2007, plaintiff was removed from the Diagnostic Radiologic Technologist position and federal employment service.

On November 15, 2007, plaintiff appealed his termination, and on January 11, 2008, a Merit System Protection Board ("MSPB") hearing was conducted regarding the appeal. On March 6, 2008, the MSPB issued its decision, finding that plaintiff failed to meet the qualification standards of his position and affirming defendant's final decision to terminate plaintiff's employment because the decision promoted the efficiency of the service. On May 2, 2008, plaintiff filed the instant action seeking review of the MSPB's decision.

II. Standard of Review

As in the instant case, "[w]here a petition for review of a MSPB decision involves both discrimination and other claims it is considered a 'mixed case.'" *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993). Any non-discrimination claims are reviewed on the administrative record. *Id.*

A MSPB decision must be upheld unless the reviewing court determines that it is:

    (1)    arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
    (2)    obtained without procedures required by law, rule, or regulation having been followed; or
    (3)    unsupported by substantial evidence.

5 U.S.C. § 7703(c).[1] The reviewing court "may not substitute its judgment for that of the MSPB." *Wilder v. Prokop*, 846 F.2d 613, 619 (10th Cir. 1988). "Under the arbitrary and capricious standard the MSPB's decision needs only to have a rational basis in law." *Id.* at 620. Further, the reviewing court will "affirm a decision of the [MSPB] sustaining the dismissal of a federal employee if the decision complies with the applicable statute and regulations and [if] it has a rational basis supported by substantial evidence from the record taken as a whole." *Martin v. Fed. Aviation Admin.*, 795 F.2d 995, 997 (Fed. Cir. 1986) (internal quotations and citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hathaway v. Merit Sys. Prot. Bd.*, 981 F.2d 1237, 1240 (Fed. Cir. 1992) (internal quotations and citations omitted).

III.     Discussion

Plaintiff asserts that he met the qualification requirements for the position of Diagnostic Radiologic Technologist and that his termination failed to promote the efficiency and effectiveness of the service. Plaintiff further asserts that the MSPB Administrative Law Judge ("ALJ") acted in an arbitrary and capricious manner by refusing to hold defendant responsible for wrongfully removing plaintiff from federal employment and otherwise failing to promote the efficiency of the service. Plaintiff further contends that the MSPB decision is erroneous because it is not supported by substantial evidence or in accordance with law.

---

[1]Plaintiff does not contend that the MSPB decision was obtained without procedures required by law, rule, or regulation having been followed.

A. Whether plaintiff met the qualification standard for his position

Plaintiff asserts that the qualification standard for his position is governed by 42 U.S.C. § 10004 and 42 C.F.R. Part 75. However, the regulations cited by plaintiff are merely minimum standards, and a department of the federal government may use alternative qualification standards. Specifically, 42 C.F.R. § 75.3(8) provides: "A department, agency, or instrumentality of the Federal government may, after consultation with the Secretary, use alternative criteria which it determines would offer equivalent protection of patient health and safety." 42 C.F.R. § 75.3(8).

The Department of Veterans Affairs has adopted its own alternative criteria, which is set forth in 38 U.S.C. § 7402. That section provides, in pertinent part:

> (a) To be eligible for appointment to the positions in the [Department of Veterans Affairs] covered by subsection (b), a person must have the applicable qualifications set forth in that subsection.
>
> \* \* \*
>
> (b)(14) **Other health-care positions.** – To be appointed as a physician assistant, expanded-function dental auxiliary, certified or registered respiratory therapist, licensed physical therapist, licensed practical or vocational nurse, occupation therapist, dietitian, microbiologist, chemist, biostatistician, medical technologist, dental technologist, or other position, a person must have such medical, dental, scientific, or technical qualifications as the Secretary shall prescribe.

38 U.S.C. § 7402(a),(b)(14).

In September 2003, when plaintiff received his initial appointment, the basic Diagnostic Radiologic Technologist qualification standard the Secretary had prescribed provided as follows:

> The Qualification Standard for Diagnostic Radiologic Technologist, GS-647, in OPM's "Operating Manual – Qualification Standards for General Schedule Positions," section IV-A-7 and IV-B-105, has been approved for use in VA with the following additional requirements:

5

> 1. All applicants must be certified as a Diagnostic Radiologic Technologist by the American Registry of Radiologic Technologists (ARRT).
>
> 2. Each uncertified VA Diagnostic Radiologic Technician/Technologist who was permanently employed on June 21, 1986, and whose competence in the safe administration of ionizing radiation was affirmed, in writing, by a VA licensed physician not later than January 1, 1987, is considered fully qualified. These employees may be promoted, demoted or reassigned within the GS-647 occupational series. Any employee initially retained in this manner who leaves this job series loses protected status and must meet the full requirements in effect at the time of reentry.
>
> 3. **Exceptions**
>
> a. Applicants who have completed an approved training program may be given a temporary appointment not to exceed 1 year. Failure to acquire ARRT certification during that year is justification for termination of the temporary appointment. The temporary appointment may be extended for 1 additional year (total of 2 years of temporary employment) if circumstances indicate satisfaction of all requirements and permanent appointment is probable.
>
> b. If there are no acceptable applicants who meet these requirements, the Chief Patient Care Services Officer may authorize a medical center to hire otherwise qualified applicants, provided such persons show, evidence of training, experience and competence to be equally protective of patient health and safety.

VA Handbook 5005, Appendix F25 (Qualification Standard, Diagnostic Radiologic Technician/Technologist, GS-647-3/8), Administrative Record at 508.[2]

On appeal to the MSPB, plaintiff stipulated that he was not certified as a Diagnostic Radiologic Technologist by the ARRT. Accordingly, based upon the Qualification Standard in place

---

[2] The Court would note that although the Qualification Standard was amended in March, 2006, the requirement that all applicants must have an ARRT certification was not changed. *See* VA Handbook 5005/15, Appendix G25 (Diagnostic Radiologic Technologist Qualification Standard GS-647), Administrative Record at 509.

at the time plaintiff received his initial appointment, unless plaintiff fell within one of the exceptions set forth in the Qualification Standard, he was not qualified for the Diagnostic Radiologic Technologist position. The ALJ found that plaintiff did not fall within any of the exceptions, and upon review of the Administrative Record, the Court finds that said finding is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and is supported by substantial evidence.

First, it is undisputed that plaintiff was not permanently employed on June 21, 1986. Thus, plaintiff does not fall within the grandfather provision set forth in paragraph 2 of the Qualification Standard. Second, it is undisputed that plaintiff had not completed an approved training program. Therefore, plaintiff does not fall within exception (a).

Plaintiff, however, asserts that he falls within exception (b) based upon the "waiver" that was signed by Dr. McCaffree at the time of plaintiff's initial appointment. Based upon the evidence presented at the hearing, the ALJ found that the "waiver" of ARRT certification plaintiff received was not a valid waiver. Upon review of the Administrative Record, the Court finds that said finding is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The Court further finds that said finding is supported by substantial evidence.

Specifically, the Court finds that in the instant matter, the only individual who could have authorized a waiver of the requirement of ARRT certification was the Chief Patient Care Services Officer at the VA Central Office in Washington, DC. Exception (b) provides: "If there are no acceptable applicants who meet these requirements, the <u>Chief Patient Care Services Officer</u> may authorize a medical center to hire otherwise qualified applicants, . . . ." VA Handbook 5005, Appendix F25, Administrative Record at 508 (emphasis added). The evidence presented at the

hearing undisputedly established that Dr. McCaffree, the VA Medical Center's Chief of Staff, was not the Chief Patient Care Services Officer at the time he signed the "waiver" in August 2003. Additionally, the Court finds that there is substantial evidence in the record that Dr. McCaffree had not been delegated the authority by the Chief Patient Care Services Officer to waive the ARRT certification requirement. Dr. Wood testified at the hearing that when he spoke with Dr. McCaffree, Dr. McCaffree indicated to him that he had not been delegated the authority to waive the ARRT requirement. Finally, the Court would note that it is undisputed that Dr. Wood's subsequent requests to the Chief Patient Care Services Officer to waive the ARRT certification requirement were denied.

Accordingly, the Court affirms the ALJ's finding that plaintiff failed to meet the Qualification Standard for his Diagnostic Radiologic Technology position.

B. <u>Whether plaintiff's removal was reasonable and promoted the efficiency of the service</u>

Plaintiff asserts that defendant's act of removing plaintiff from federal employment was unreasonable and failed to promote the efficiency and effectiveness of the service. Plaintiff once again contends that he was qualified for his position and further asserts that he was accomplishing his duties satisfactorily.

Having carefully reviewed the Administrative Record, the Court finds there is substantial evidence in the record that plaintiff's removal was reasonable and promoted the efficiency of the service. Prior to any personnel action, defendant offered plaintiff an opportunity to complete his education and obtain ARRT certification. Plaintiff declined the offer. Additionally, the VA Medical Center attempted to obtain a valid waiver of ARRT certification on behalf of plaintiff. The attempt, however, was unsuccessful. Because, as set forth above, plaintiff did not have ARRT certification

8

and, therefore, was not qualified for his position, and because he could no longer perform the duties of his position, the Court finds that plaintiff's removal was reasonable and promoted the efficiency of the service. Thus, the Court finds that the ALJ's finding that plaintiff's removal was reasonable and promoted the efficiency of the service was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and affirms said finding.

IV.     Conclusion

For the reasons set forth above, the Court AFFIRMS the MSPB's decision.

**IT IS SO ORDERED this 1st day of September, 2010.**

*[Signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE