# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL A. FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-464-M |
| | ) |
| JAMES R. NICHOLSON, Secretary of | ) |
| U.S. Department of Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Motion for Summary Judgment, filed April 1, 2010. On April 22, 2010, plaintiff filed his response, and on May 6, 2010, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff was employed as a Diagnostic Radiologic Technologist ("DRT") within the Radiology Service at the Veterans Affairs Medical Center ("VAMC") in Oklahoma City. David Wood was the Director of the VAMC. Carolyn Patton was plaintiff's first-line supervisor, and Shelley Haynes was his second-line supervisor.

In December of 2005, Ms. Haynes was the selecting official for an Ultrasound Technician position. Plaintiff applied for the Ultrasound Technician position vacancy. The VA referred plaintiff's name along with two other applicants to Ms. Haynes on a Referral List. Ms. Haynes convened an interview panel consisting of three members: herself, Ms. Patton, and Dr. Jibi Thomas. After conducting interviews, Wendy Taylor-Maritt, one of the other two applicants, was selected for the position instead of plaintiff.

In early 2006, during a nation-wide review of credentials, defendant discovered that plaintiff did not meet the qualifications standards required of every DRT within defendant's medical system, i.e., education and certification. Additionally, at that time, defendant discovered that the August 2003 "waiver" Dr. Robert McCaffree, M.D., Chief of Staff of the VA Medical Center, signed waiving the requirement set forth in defendant's Handbook that plaintiff be certified by the ARRT, was not valid. As a result, on May 22, 2006, defendant served plaintiff with a Condition of Continued Federal Employment Memorandum. The memorandum informed plaintiff that the waiver that was signed at the time of his appointment was invalid based upon lack of proper approval and required plaintiff to enroll in an accredited radiology training program within a year, complete the training program within twenty-four months after acceptance, and receive ARRT certification in radiography within six months after completion of the program or have his federal employment terminated. Plaintiff informed defendant that he did not want to face going back to school, had never been made aware of any waiver at the time of his appointment, and felt this action was retaliation as a result of his engaging in EEO activity.

On September 7, 2006, the VA Medical Center's Chief of Human Resources, Nicole Craven, through Dr. McCaffree, submitted a "Request for Exception – Diagnostic Radiologic Technician" to Madhulika Agarwal, M.D., Chief Patient Care Services Officer for defendant. On December 14, 2006, Dana Sullivan, Assistant Director, National Radiology Program, sent Ms. Craven a response memorandum denying the request for exception. On December 22, 2006, Dr. McCaffree, via written correspondence, informed plaintiff the request for waiver of educational requirements and certification job requirements had been denied and that because he was found to be unqualified to

2

perform DRT responsibilities, he was being placed in a paid non-duty status (administrative leave) effective immediately and would remain in that status until further personnel action is taken.

On December 27, 2006, Bob G. Eaton, M.D., FACR, Professor Emeritus, Chief, Radiology Services, via written correspondence, informed plaintiff that Dr. Eaton was proposing his removal from the DRT position and federal service because the requests for waiver were denied. On February 7, 2007, Dr. Wood, via written correspondence, informed plaintiff that he had decided to remove plaintiff from the DRT position and federal service for the reasons set forth in the proposal letter. On February 16, 2007, plaintiff was removed from the DRT position and federal employment service.

On May 2, 2008, plaintiff filed the instant action, alleging, in part, the following three claims of discrimination: (1) gender discrimination and retaliation based upon his non-selection for the Ultrasound Technician position; (2) retaliation based upon the May 22, 2006 memo requiring the completion of ARRT certification; and (3) retaliation based upon his termination. Defendant has now moved for summary judgment as to all three of these claims.

II.    Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.  Discussion

    A.  Non-selection for Ultrasound Technician position

To establish a prima facie case of gender discrimination, plaintiff must prove that (1) he is a member of a protected class; (2) he was subjected to some adverse employment action; and (3) similarly situated employees not from plaintiff's protected class were treated differently. *Elmore v. Capstan, Inc.*, 58 F.3d 525, 529-30 (10th Cir. 1995).[1] To establish a prima facie case of retaliation, plaintiff must prove that (1) he engaged in a protected activity; (2) defendant took adverse personnel action against him; and (3) a causal connection existed between the protected activity and the adverse personnel action. *Meredith v. Beech Aircraft Corp.*, 18 F.3d 890, 896 (10th Cir. 1994).[2]

Once plaintiff has established a prima facie case of discrimination, the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for the adverse action. *Equal*

---

[1] For purposes of his motion for summary judgment, defendant does not dispute that plaintiff can establish a prima facie case of gender discrimination in relation to his claim based upon his non-selection for the Ultrasound Technician position.

[2] For purposes of his motion for summary judgment, defendant does not dispute that plaintiff can establish a prima facie case of retaliation in relation to his claim based upon his non-selection for the Ultrasound Technician position.

*Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000); *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 986 (10th Cir. 1996). Defendant asserts that plaintiff was not selected for the Ultrasound Technician position because Ms. Taylor-Maritt performed better than plaintiff on the interview and it was the opinion of the interview panel and Ms. Haynes that Ms. Taylor-Maritt was the best candidate for the position. The Court finds defendant has met his burden to produce a legitimate, non-discriminatory reason for plaintiff's non-selection for the Ultrasound Technician position.

Because defendant has provided a legitimate, non-discriminatory reason for plaintiff's non-selection for the Ultrasound Technician position, the burden shifts to plaintiff to show that there is a genuine issue of material fact as to whether defendant's explanation is pretextual. *Berry*, 74 F.3d at 986. Pretext can be established if plaintiff shows "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence. . . ." *MacKenzie v. Denver, City and County of*, 414 F.3d 1266, 1278 (10th Cir. 2005) (internal quotations and citations omitted). However, plaintiff's "mere conjecture that [his] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." *Jones v. Denver Post Corp.*, 203 F.3d 748, 754 (10th Cir. 2000) (internal quotations and citation omitted). Further,

> [A plaintiff's] proffer of being more experienced fails to give rise to a genuine issue of material fact sufficient to ward off summary judgment. Unless the disparity in employees' qualifications are obvious, we judges should be reluctant to substitute our views for those of the individuals charged with the evaluation duty by virtue of their own years of experience and expertise in the field in question.

*MacKenzie*, 414 F.3d at 1278 (internal quotations and citations omitted).

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether defendant's reason for plaintiff's non-selection for the Ultrasound Technician position is pretextual. In fact, plaintiff has submitted no evidence showing that defendant's reason for plaintiff's non-selection is pretextual. In his response, plaintiff asserts that Ms. Taylor-Maritt did not have a bachelor's degree and did not have the required experience. Plaintiff, however, provides no evidentiary support for his statement, and in fact, in an excerpt from Ms. Haynes' deposition which plaintiff attaches to his response, Ms. Haynes testifies that Ms. Taylor-Maritt had experience for the Ultrasound Technician position. *See* deposition of Shelley Haynes at p.39, lns. 23-25, attached as Exhibit 8-2 to plaintiff's Objection in Response to Defendant's Motion for Summary Judgment. The Court finds plaintiff's mere conjecture regarding Ms. Taylor-Maritt's qualifications and experience is an insufficient basis for denial of summary judgment as to this claim.

Further, plaintiff alleges that the conflicting testimony of Ms. Craven and Ms. Haynes regarding whether Ms. Haynes could disregard the interview panel's decision creates a genuine issue of material fact and affects Ms. Haynes' veracity. Because Ms. Haynes and the other members of the interview panel agreed on the best candidate, the Court finds any conflicting testimony regarding whether Ms. Haynes could disregard the interview panel's decision does not create a genuine issue of a <u>material</u> fact. Whether Ms. Haynes could disregard the interview panel's decision is simply irrelevant based upon the facts in this case. Additionally, the Court finds that this conflicting testimony regarding a clearly immaterial and irrelevant fact does not so affect Ms.

6

Haynes' credibility as to provide a sufficient basis for the denial of summary judgment as to this claim.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's gender discrimination and retaliation claim based upon plaintiff's non-selection for the Ultrasound Technician position.

  B. <u>May 22, 2006 memo requiring completion of ARRT certification</u>

As set forth above, to establish a prima facie case of retaliation, plaintiff must prove that (1) he engaged in a protected activity; (2) defendant took adverse personnel action against him; and (3) a causal connection existed between the protected activity and the adverse personnel action. *Meredith v. Beech Aircraft Corp.*, 18 F.3d 890, 896 (10th Cir. 1994).[3] Assuming that plaintiff has established a prima facie case of retaliation, the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for the adverse action. Defendant asserts that the May 22, 2006 memo requiring plaintiff to complete ARRT certification and meet the qualification standards for his position was issued to plaintiff because defendant had a legal and moral obligation to ensure that healthcare workers providing care to veterans are appropriately credentialed and certified to provide that medical care. The Court finds defendant has met his burden to produce a legitimate, non-discriminatory reason for the issuance of the May 22, 2006 memo.

---

[3]In his motion, defendant contends that the May 22, 2006 memo is not an adverse employment action. However, in light of the Court's finding that plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether defendant's reason for the issuance of the May 22, 2006 memo is pretextual, the Court will assume for purposes of this Order that plaintiff has established a prima facie case of retaliation in relation to his claim of retaliation based upon the May 22, 2006 memo requiring completion of ARRT certification.

Because defendant has provided a legitimate, non-discriminatory reason for the issuance of the May 22, 2006 memo, plaintiff must now show that there is a genuine issue of material fact as to whether defendant's explanation is pretextual. Having carefully reviewed the parties' submissions, the Court finds plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether defendant's reason for the issuance of the May 22, 2006 memo is pretextual. In fact, plaintiff has submitted no evidence showing that defendant's reason for the memo is pretextual. In his response, plaintiff asserts that defendant retroactively applied the 2006 standards to him and that he did meet the 2003 qualification standard for his DRT position. As set forth in this Court's September 1, 2010 Order, the Court has found that plaintiff did not meet the 2003 qualification standard for his DRT position. Plaintiff also asserts that the May 22, 2006 memo was just a ruse to justify his termination because he could not be in school and at the VAMC at the same point in time. Plaintiff, however, provides no evidence to support this assertion. Finally, plaintiff asserts that a reasonable jury could find that Ms. Haynes and Ms. Patton took the August 2003 "waiver" to Human Resources in an attempt to get him fired. Plaintiff, however, provides absolutely no evidentiary support for this assertion. The Court finds plaintiff's mere conjecture regarding Ms. Haynes and Ms. Patton's motive for taking the August 2003 "waiver" to Human Resources is insufficient to satisfy plaintiff's burden to show that there is a genuine issue of material fact as to whether defendant's explanation is pretextual.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's retaliation claim based upon the issuance of the May 22, 2006 memo requiring completion of ARRT certification.

C. Termination

For purposes of his motion for summary judgment, defendant does not dispute that plaintiff can establish a prima facie case of retaliation in relation to his claim based upon his termination. Defendant asserts that plaintiff was terminated for legitimate, non-discriminatory reasons. Specifically, defendant asserts that because plaintiff refused to obtain ARRT certification, plaintiff could no longer provide DRT services within the VA medical system and his retention was a burden on the VAMC because he encumbered a position, i.e., he held the position but could not perform the patient services associated with that position. Defendant further asserts that removing plaintiff opened the position so that the VAMC could hire a qualified DRT to provide patient services. The Court finds defendant has met his burden to produce a legitimate, non-discriminatory reason for plaintiff's termination.

Because defendant has provided legitimate, non-discriminatory reasons for plaintiff's termination, plaintiff must now show that there is a genuine issue of material fact as to whether defendant's explanation is pretextual. Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether defendant's reason for plaintiff's termination is pretextual. As set forth above, the Court has already found that plaintiff did not meet the qualification standard for his DRT position. In his response, plaintiff asserts that the fact that he was terminated three months prior to the deadline set forth in the May 22, 2006 memo shows that defendant's reasons are pretextual. However, the evidence is undisputed that plaintiff had communicated to defendant that he was not going to complete his education and obtain the required ARRT certification. Because

9

it is undisputed that plaintiff communicated to defendant that he was not going to complete the requirements set forth in the May 22, 2006 memo, the Court finds the fact that plaintiff was terminated three months prior to the deadline set forth in the memo is not sufficient to satisfy plaintiff's burden to show that there is a genuine issue of material fact as to whether defendant's explanation is pretextual.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's retaliation claim based upon plaintiff's termination.

IV. Conclusion

Therefore, for the reasons set forth above, the Court GRANTS defendant's Motion for Summary Judgment [docket no. 36].

**IT IS SO ORDERED this 7th day of September, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE